UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:04-cr-122 **-04** |
| | ) | *Edgar* |
| CHRISTIAN OMAR | ) | |
| MUNGILLA-SORRENTO | ) | |

**MEMORANDUM AND ORDER**

Currently pending before the Court are the motions of defendant, Christian Omar Mungilla-Sorrento ("Mungilla-Sorrento"): (1) to suppress [Doc. No. 143]; for a bill of particulars [Doc. No. 144]; and (3) to sever [Doc. No. 145]. For the reasons that follow, these motions will be **DENIED**.

**I.    Motion to Suppress** [Doc. No. 143].

In his motion to suppress, Mungilla-Sorrento first moves "for exclusion of all direct or indirect evidence of any warrantless search or seizure of telephone calls intercepted from defendant and also for the exclusion of any confession or statements which are the result of the intercepted phone calls." *Id.*    Mungilla-Sorrento then states that "[o]n August 3, 2001, defendant Stephen Kendricks was stopped without any probable cause." *Id.*  This motion will be **DENIED**.

Stephen Kendricks in not a named defendant in this criminal action. Mungilla-Sorrento lacks standing to raise the issue of a Fourth Amendment violation of Stephen Kendricks' rights. *See  Rakas v. Illinois*, 439 U.S. 128, 140, 99 S. Ct. 421, 58 L.Ed.2d 387 (1978); *United States v. Pollard*, 215 F.3d 643, 646-47 (6th Cir.), *cert. denied*, 531 U.S. 999, 121 S. Ct.  498, 148

1

L.Ed.2d 469 (2000). Accordingly, Mungilla-Sorrento's motion to suppress [Doc. No. 143] will be **DENIED**.

**II.    Motion for a Bill of Particulars** [Doc. No. 144].

Mungilla-Sorrento moves pursuant to Fed. R. Crim. P. 7(f) for a bill of particulars [Doc. No. 144]. This motion will be **DENIED**.

A bill of particulars serves three main purposes: (1) to inform the defendant of the nature of the charges with sufficient precision to enable the defendant to prepare for trial; (2) to avoid or minimize the danger of surprise to the defendant at trial; and (3) to enable the defendant to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite for such purposes. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Azad*, 809 F.2d 291, 296 (6th Cir. 1986); *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). A bill of particulars is not a discovery tool for a defendant to obtain detailed disclosure of all evidence in the government's possession before trial. *Salisbury*, 983 F.2d at 1375.

Mungilla-Sorrento has not met his burden of showing that a bill of particulars is necessary. Mungilla-Sorrento is named only in Count I of the Superseding Indictment, which contains sufficient details about the crimes charges to enable the defendant to prepare for trial. A district court does not abuse its discretion in denying a motion for a bill of particulars if the indictment is sufficiently detailed. *Id.*; *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986); *Birmley*, 529 F.2d at 108. Furthermore, this Court's modified discovery and scheduling order [Doc. No. 80] ordered the government to provide the defendants, including Mungilla-Sorrento, with all required discovery which obviates the need for a bill of particulars. *United*

*States v. Austin*, 99 F.R.D. 292, 302-03 (W.D. Mich. 1983); *see also United States v. Piccolo*, 723 F.2d 1234, 1240 (6th Cir. 1983).

Accordingly, the motion of defendant Mungilla-Sorrento for a bill of particulars [Doc. No.144] will be **DENIED**.

**III.** <u>**Motion for a Severance**</u> [Doc. No. 145].

Mungilla-Sorrento moves for a severance on the grounds that he is named only in Count I of the six count superseding indictment, he is not alleged to be an organizer or leader of the criminal activity, there is extensive discovery with phone logs assigned to various persons, and there is a serious risk a joint trial might either compromise his rights or prevent the jury from making a reliable judgment as to his guilty or innocence. [Doc. No. 145]. This motion will be **DENIED**.

As of this date, all three of Mungilla-Sorrento's co-defendants, Charlie Stevenson, Vernon Whaley and Fedrico Lopez-Galardo, have indicated an intent to plead guilty. This leaves Mungilla-Sorrento as the only defendant who has currently expressed an intent to proceed to trial.

Accordingly, Mungilla-Sorrento motion to sever [Doc. No. 145] will be **DENIED** on the ground that it is **MOOT**.

**IV.** <u>**Conclusion**</u>

For the reasons set forth in detail above:

   (1) The motion to suppress of defendant Mungilla-Sorrento [Doc. No. 143] is hereby **DENIED**;

   (2) The motion of defendant Mungilla-Sorrento for a bill of particulars [Doc. No. 144] is hereby **DENIED**; and

(3) The motion of defendant Mungilla-Sorrento to sever [Doc. No. 145] is hereby **DENIED**.

SO ORDERED.

ENTER this *6th day of May, 2005*.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE