UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:04-cr-122 **-04** |
| v. | ) | *Edgar* |
| | ) | |
| CHRISTIAN OMAR MUNGILLA-SORRENTO | ) | |

### MEMORANDUM AND ORDER

There are two motions before the Court.

**I.  Motion to Dismiss Indictment [Court Doc. No. 167]**

Defendant moves pursuant to Fed. R. Crim. P. 12(b)(3)(B) to dismiss the indictment on the ground that it fails to allege a federal crime for which he can be convicted. The motion to dismiss [Court Doc. No. 167] is **DENIED**.

Defendant has not submitted a memorandum of law. He does not present any legal analysis to support and explain the specific basis for the motion to dismiss. The Court has reviewed Count One of the superseding indictment and concludes that it adequately charges the defendant with a crime under 21 U.S.C. § 846.

An indictment satisfies the Notice Clause of the Sixth Amendment to the United States Constitution if it: (1) sets out all of the elements of the offense and fairly informs a defendant of the charge against which he must defend; and (2) is sufficiently specific to enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

-1-

*Hamling v. United States*, 418 U.S. 87, 117 (1974); *Russell v. United States,* 369 U.S. 749, 763-64 (1962); *United States v. Douglas,* 398 F.3d 407, 413 (6th Cir. 2005); *United States v. Anderson*, 182 F.3d 918 (Table, text at 1999 WL 503519 * 3 (6th Cir. July 9, 1999)); *United States v. Monus*, 128 F.3d 376, 388 (6th Cir. 1997); *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992).

An indictment will usually be sufficient if it alleges the offense using the words of the statute itself, as along as the statute fully and unambiguously states all the elements of the offense. *Hamling*, 418 U.S. at 117; *Anderson*, 1999 WL 503519 at * 3; *United States v. Caldwell,* 176 F.3d 898, 901 (6th Cir. 1999); *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992). An indictment is presumed sufficient if it tracks the statutory language, cites the elements of the crimes charged, and provides approximate dates and times when the offenses are alleged to have been committed. *Anderson*, 1999 WL 503519 at * 3; *United States v. Chinchy*, 1 F.3d 1501, 1504 n. 3 (6th Cir. 1993).

## II. Motion for Bill of Particulars [Court Doc. No. 165]

Defendant moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). [Court Doc. No. 165].

The decision whether to require a bill of particulars is within the Court's sound discretion. *United States v. Robinson,* 390 F.3d 853, 867 (6th Cir. 2004); *United States v. Crayton,* 357 F.3d 560, 568 (6th Cir. 2004); *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Rey,* 923 F.2d 1217, 1222 (6th Cir. 1991). After reviewing the record, the Court concludes that the motion for a bill of particulars is **DENIED**.

A bill of particulars serves three main purposes: (1) inform the defendant of the nature of the criminal charges with sufficient precision to enable him to prepare for trial; (2) avoid or minimize the danger of surprise to the defendant at trial; and (3) enable the defendant to plead his acquittal or conviction in bar of another prosecution for the same offense under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution when the indictment is too vague and indefinite for such purposes. *Crayton*, 357 F.3d at 568; *United States v. Carter*, 124 F.3d 200 (Table, text in 1997 WL 528465, * 1 (6th Cir. Aug. 26, 1997)); *Salisbury*, 983 F.2d at 1375; *United States v. Azad*, 809 F.2d 291, 296 (6th Cir. 1986); *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

A bill of particulars is not a discovery tool for a defendant to obtain detailed disclosure of all evidence in the government's possession before trial. *Crayton*, 357 F.3d at 568; *Salisbury*, 983 F.2d at 1375; *see also United States v. Perkins*, 994 F.2d 1184, 1190-91 (6th Cir. 1993). The government is not required to furnish the names of all other co-conspirators in a bill of particulars. *Crayton*, 357 F.3d at 568; *Rey*, 923 F.2d at 1222-23. As a general rule, a court does not abuse its discretion by denying a motion for bill of particulars where the indictment contains sufficient details of the crimes charged and the government has provided discovery to the defendant. *Robinson,* 390 F.3d at 867; *Carter,* 1997 WL 528465 at * 2;  *Salisbury*, 983 F.2d at 1375; *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986); *Birmley*, 529 F.2d at 108.

Defendant has not met his burden under Rule 7(f) of showing that a bill of particulars is necessary in the instant case. The government has provided full discovery to him and the indictment contains sufficient details to enable him to adequately prepare for trial.

-3-

Case 1:04-cr-00122-CLC-CHS   Document 198   Filed 10/31/05   Page 3 of 4   PageID #: 143

Accordingly, the motion for a bill of particulars [Court Doc. No. 165] is **DENIED.**

SO ORDERED.

ENTER this *31st day of October, 2005*.

                               */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE